J. S06041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LLOYD T. REID, : No. 1563 EDA 2018
:
Appellant :

Appeal from the PCRA Order, May 2, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0405461-1991

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 06, 2019**

Lloyd T. Reid appeals ***pro se*** from the May 2, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

Appellant was sentenced to an aggregate term of life imprisonment after a jury found him guilty of first-degree murder[1] and related offenses in connection with the March 1991 shooting death of James Boswell.  On March 7, 1996, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on July 21, 1997.[2]  ***See Commonwealth v. Reid***, 678 A.2d 832 (Pa.Super. 1996)

---

[1] 18 Pa.C.S.A. § 2501.

[2] We note that the PCRA court opinion incorrectly states that appellant did not file a direct appeal in this matter.  (***See*** PCRA court opinion, 8/30/18 at 1.)

(unpublished memorandum), *appeal denied*, 698 A.2d 593 (Pa. 1997). Appellant filed a *pro se* PCRA petition on August 23, 2012, and an amended *pro se* PCRA petition on March 28, 2016. David Rudenstein, Esq., was appointed to represent appellant on October 5, 2017, but was subsequently granted permission to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Following the issuance of a Pa.R.Crim.P. 907(1) notice on April 2, 2018, the PCRA court dismissed appellant's petition without a hearing on May 2, 2018. This timely appeal followed on May 17, 2018.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on October 19, 1997, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline for filing a petition for writ of *certiorari* in the United States Supreme Court expired. Accordingly, appellant had until October 19, 1998, to file a timely PCRA petition. Appellant's petition was filed on August 23, 2012, almost 14 years after his judgment of sentence became final, and is patently untimely, unless appellant can plead and prove

that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.[3]

Appellant contends that his sentence of life imprisonment is unconstitutional in light of the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). (Appellant's brief at 7-18.) In **Miller**, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery**, the Supreme Court

---

[3] The three statutory exceptions to the PCRA time-bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

recently held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736. However, as appellant concedes in his brief, he was **24 years old** at the time he committed the crimes in question. (*See* appellant's brief at 6, 11.) As such, *Miller* and *Montgomery* are inapplicable. *See*, *e.g.*, *Commonwealth v. Furgess*, 149 A.3d 90, 91-94 (Pa.Super. 2016) (holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and, therefore, may not rely on that decision to invoke a PCRA time-bar exception).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/19